# In re Vacation of Centre Street.

1. The assessments of special benefits for the purpose of raising a fund to pay those who have been damaged by the opening, widening or vacating of streets, is a species of taxation and within the power of the legislature. Whether this tax shall be assessed against the *property* or the *owner* thereof is wholly within the discretion of the legislature.

2. The Act of April 21st, 1858, P. L. 386, which provides for the assessment of damages for opening, widening and vacating streets, and the apportionment of the same among and against the owners of land benefited thereby, is constitutional and in force.

3. It is lawful, under the Act of April 21st, 1858, P. L., 386, for the city to provide for the payment of damages assessed under it out of the city treasury; but, where this has not been done, the city is not interested in the proceedings under said Act, and has no standing in court.

January 21st, 1887. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

CERTIORARI to the Court of Quarter Sessions of the Peace of *Philadelphia county:* Of January Term, 1887, No. 20.

The record in this case showed that, on the petition of Joseph Dungan, the said court appointed a jury of six to assess and apportion the damages *in re* vacating Center street.

The jury entered upon the discharge of their duties and filed the following report:

On Thursday, May 28th, 1885, upon notice given to the Pennsylvania Schuykill Valley Railroad Company, David W. Sellers, Esq., appeared in behalf of the said company and was heard by this jury upon the questions at issue. Mr. Sellers, in behalf of the said company, offered neither evidence nor arguments touching the just amount of damages to be assessed to claimant, nor the just amount of benefits which should be charged upon the said company, but only urged that the law did not permit any assessment of benefits upon lands for the vacation of a street.

And now, after having thus duly viewed the neighborhood and given full hearing to all the parties, the jury find that the land mentioned in the petition, belonging to the claimant, Joseph Dungan, has received special damage over and above any which may have been received by it in common with neighboring land in general, through the said vacation, in the amount of seven hundred dollars; and that further, the land owned by the Pennsylvania Schuylkill Valley Railroad Company in the locality of the said portion of the said street, has received special benefit from the said vacation over and above

any benefit which may have been received by it in common with neighboring lands in general, in an amount not less than seven hundred dollars.

The jury further find that no other land than that of the Schuylkill Valley Railroad Company has received any special benefit from the said vacation.

The jury, therefore, report that, in their opinion, the said claimant is entitled to the sum of seven hundred dollars, and that they assess and apportion the whole of the said sum of seven hundred dollars against the Pennsylvania Schuylkill Valley Railroad Company.

To this report the following exceptions were filed, *inter alia*, by the Schuylkill Railroad Company.

1. That said report is invalid, in that the land owned by this exceptant, and alleged to have received a special benefit, is not described with any certainty, so that this exceptant can know if the road bed, or the depot for freight, or the station lot for passengers, is intended.

2. That said apportionment is invalid, because the Act of April 1st, 1864 (P. Laws 207), under which the jury in this case has proceeded, does not authorize an apportionment of damages consequent upon the vacation of a street.

The following exceptions were filed, *inter alia*, by the city of Philadelphia.

*First.*—Said report is bad, because it awards damages in the amount of seven hundred dollars to petitioner and claimant.

*Fourth.*—Said report is not in conformity with law.

These exceptions were sustained, the court, ARNOLD, J. filing following opinion:

The Act of April 21st, 1858, which makes it the duty of juries selected to assess damages for opening, widening, and vacating streets to assess and apportion the damages against such owners of land as shall be benefited thereby, is deficient in not directing the jury to specify the property benefited, so that the benefits may be collected out of that property. There is no personal liability for taxes of that nature: Creighton *v.* Manson, 27 California, 613; cited in Hammett *v.* City of Philadelphia, 65 Pa. St. Rep., 146. The Act of April 1st, 1864, which directs the jury to specify the properties benefited, applies only to damages for opening streets. Nor can damages for vacating a street be charged to the municipality, unless the councils assume the payment thereof under the Act of 1858. There is no obligation on the part of the city to provide compensation for the vacation of a public street: Paul *v.* Carver, 24 Pa. St. R., 207.

The exceptions of the railroad company, and the first and fourth exceptions of the city, are sustained, and the report set aside.

[In re Centre Street.]

The petitioner, Joseph Dungan, thereupon took this writ, and assigned the action of the court in sustaining said exceptions and setting aside the report for error.

*John Dolman* for plaintiff in error.—With respect to the constitutionality of the Act of 1858, we submit the following considerations:

1. The Act expressly requires the assessment to be against the *owners* of land benefited. This has been the uniform construction by the Court of Quarter Sessions. *In Re* Moyer Street, 6 Pa., 81; Chestnut Avenue, 3 Id., 265.

2. The Act provides for the most direct application of the approved principle upon which municipal assessments are sustained.

Municipal assessments are referable to the taxing power. The principle of their apportionment is that of an actual assessment in proportion to the benefit conferred. Whether for paving, grading, culverts, opening or vacating of streets, or any other purpose for which they are authorized, they are but various developments of that principle of local taxation which "assesses on the property benefited, *or its owner*, a tax in proportion to the superadded value of the property, caused by the local improvement of which this property has a peculiar advantage beyond that of others not in like circumstances:" Washington Ave., 69 Pa., 352; Seeley *v.* Pittsburg, 82 Id., 360; Saw Mill Run Bridge, 85 Id., 163.

The assessment is conclusive as to the benefit conferred, so far as the question is material in the present stage of the case. Commonwealth *v.* Woods, 44 Pa., 113; Wray *v.* Pittsburg, 70 Wr., 365; Hammett *v.* Philadelphia, 65 Pa., 146.

No other questions than those raised by the exceptions filed, can be considered in this court.

4. The uniform practice of the legislatures in every State in the Union, has been to make the owner personally liable in its discretion, and personal judgments without number have been entered: Baltimore *v.* Cemetery Co., 7 Md., 536; Clemens *v.* Baltimore, 16 Id., 208; Lowell *v.* Hadley, 8 Met. (Mass.), 180; People *v.* Brooklyn, 4 N. Y., 420; Bennet *v.* Buffalo, 17 Id., 383; Hill *v.* Higdon, 5 Ohio (N. S.), 243; Creighton *v.* Scott, 14 Id., 439; Bonsall *v.* Lebanon, 19 Id., 422; Nicholls *v.* Bridgeport, 23 Conn., 189; Williams *v.* Detroit, 2 Mich., 560; Dillon on Municipal Corporations, § 752.

In New Haven *v.* Railroad Co., 38 Conn., 423, the act under consideration provided that the assessment should be a lien upon the property benefited. It was held, that the right and power to assess were in no way dependent upon a lien; that the lien was intended merely as security in addition to a

proper remedy at law; and that an action of debt would lie to recover such assessment.

In Pennsylvania, statutes have been passed, authorizing such assessments to be collected by personal action, or by distress upon the goods and chattels. See opinion of Judge REED in Hammett *v.* Phila., 65 Pa., 146; Pennock *v.* Hoover, 5 Rawle, 291; Act of May 23, 1874, § 37, P. L., 250; Act of May 1, 1876, § 3, P. L., 86.

5. Where an assessment is levied, according to the approved principle of apportionment, the remedy for the recovery thereof is a matter of legislative discretion: Desty on Taxation, 286.

6. The fact that no express provision is made for the collection of the assessment is immaterial at present: R. R. Co's Appeal, 32 Cal. 499; People *v.* Lawrence, 36 Barb., 181.

The legislature may remedy any defect by further legislation; or as was said in McMasters *v.* Com., 3 Watts., 392: "It is an elementary principle that there is no right without a remedy, and a writ might have been devised, without legislative aid, which would have afforded relief to the parties." New Haven *v.* R. R. Co., 38 Conn., 423.

7. A railroad corporation may be assessed for benefits without describing the particular property benefited with sufficient certainty to enable a lien to be filed: R. R. Co's Appeal, 32 Cal., 499; Bridgeport *v.* R. R. Co., 36 Conn., 255; New Haven *v.* R. R. Co., 38 Id., 423; Chicago *v.* Baer, 41 Ill., 306: Parmalee *v.* Chicago, 60 Ill., 267; R. R., Co. *v.* Spearman, 12 Iowa, 112.

*W. H. Addicks* (*Charles F. Warwick* with him) for the city of Philadelphia.

The Constitution of the State does not confer any right to compensation upon the land owner for the vacation and closing of a public highway. Article 16, section 8, relates only to the taking, injury or destruction of private property by the construction or enlargment of public works, &c.

The legislature has the power to provide for the vacation of a public street, without compensation for an alleged injury or inconvenience to an owner of land; Paul *v.* Carver, 24 Pa. St., 207; Bauer *v.* Andrews, 7 Phila., 359; Godley *v.* Phila., 637.

It is suggested:

1. That it is, to say the least, doubtful whether the Court of Quarter Sessions in 1858 had any power to vacate a public street forming part of a town plot; and

2. That it is certain that it has never granted the right nor provided a system for the assessment of damages for the vacation of a public road, lane or alley, unless the right is to be in-

[In re Centre Street.]

ferred from the Act of 1858 and a system for assessment, built up by analogy and judicial construction, and it is not to be overlooked that the jurisdiction of the Quarter Sessions in road matters is purely statutory.

If the Act of 1858 is to be construed as granting for the first time a right of action for damages in this class of cases, and the learned judge of the Court below is right in his opinion that that part of the Act which provides for payment by a personal assessment upon the owners of lands benefited is nugatory and incapable of enforcement, then it would naturally follow that the Act is inoperative, for it is expressly provided that the municipality shall not pay the damages except by ordinance, upon a two thirds vote of the Councils upon a call of the yeas and nays, which are to be recorded in the journals of the said Councils. The opinion of the learned judge in the court below, and the report of the case in 17 W. N. C., p. 309, are respectfully referred to as part of this argument.

*David W. Sellers* for the Pennsylvania Schuylkill Valley Railroad Co., presented no paper book and submitted the case on the opinion of the court below.

Mr. Justice STERRETT delivered the opinion of the court January 31st, 1887.

In his opinion sustaining the exceptions and setting aside the report of the jury, the learned judge says: "The Act of April 21st, 1858, which makes it the duty of juries, selected to assess damages for opening, widening and vacating streets, to assess and apportion the damages against such owners of land as shall be benefited thereby, is deficient in not directing the jury to specify the property benefited, so that the benefits may be collected out of that property. There is no personal liability for taxes of that nature."

In thus virtually declaring the Act inoperative and void, and thereby depriving plaintiff of the remedy given him by the provisions thereof, we think the learned judge was clearly wrong. The Act makes it the duty of the jury "to ascertain and report to the court: first, what damages the parties claiming the same are entitled to; and second, to assess and apportion the same among and against such owners of land as shall be benefited by such opening, widening and vacating any such road or street, and when such report shall be affirmed by the court upon notice to all such parties, and the damages paid or secured by the parties among and against whom it shall be so assessed and apportioned, the chief commissioner of highways shall proceed to open, widen or vacate such road or street

accordingly; *Provided however,* it shall be lawful for councils, when in their judgment the public interest requires it, to provide for the payment of such damages out of the city treasury."

It may as well be remarked, in this connection, that inasmuch as councils have made no provision for paying any damages in this case, the city is not interested in the controversy and has no standing in court.

Plaintiff's claim is under the Act above quoted for damages he sustained by the vacation of a portion of Centre street. As to such claims, the Act has never been modified or repealed and is therefore in full force, unless, as the learned judge appears to think, it was an abortive attempt to provide a remedy for persons damaged in property by the vacation of streets.

The report of the jury conforms strictly to the requirements of the statute. They find that, in consequence of the vacation of Centre street, plaintiff's land "has received special damage, over and above any which may have been received by it in common with the adjoining land in general, in the amount of seven hundred dollars; and further, that the land owned by the Pennsylvania Schuylkill Valley Railroad Company, in the locality of said portion of said street, has received special benefit from said vacation over and above any benefit which may have been received by it in common with neighboring lands in general, in an amount not less than seven hundred dollars." They further find that no other land than that of said railroad company has received any special benefit from said vacation, and report "that in their opinion the said claimant is entitled to the sum of seven hundred dollars, and they assess and apportion the whole of said sum against the Pennsylvania Schuylkill Valley Railroad Company."

It appears in the report of the jury that, on hearing before them, defendant railroad company declined to consider the question of damages to be awarded to plaintiff, or the amount of benefits that should be assessed against it, and rested its defense solely on the broad ground that the law does not authorize any assessments of benefits, for the purpose of paying damages occasioned by the vacation of a street. But, as we have seen, the Act of 1858 does, in express terms, authorize such assessments; and, the only question worthy of consideration is whether it was within the scope of legislative power to provide the remedy given by the Act. We have no doubt it was. The assessment of special benefits for the purpose of raising a fund to pay those who have been damaged by the opening, widening or vacation of streets, has long been recognized, in this state and elsewhere, as a species of taxation and therefore within the power of the legislature. To hold other-

wise would overthrow the general system of street improvements in operation in our principal cities and towns.  There is no difference, in principle, between cases of opening and those of vacating streets.  Property fronting on a street may be either damaged or benefited by the one as well as the other; that is to say, while one piece of property may be injured, another may be specially benefited, even to a greater extent.  In the present case, for considerations of public convenience or advantage, that portion of Centre Street, between High and Main streets, was duly vacated by order of court; and the fact is conclusively established by the finding of the jury that while plaintiffs' property was thereby damaged to the extent of seven hundred dollars, that of the railroad company was specially benefited to at least an equal extent, and that no other property was specially benefited.

Municipal assessments for grading, paving, opening, widening or vacating streets, and other purposes for which, within proper limits, they may be authorized, are referable solely to the taxing power.  Indeed there is nothing else upon which they can be sustained: McMasters *v.* Commonwealth, 3 Watts 292; Washington Avenue, 69 Pa. 352, 360; Seely *v.* Pittsburgh, 82 Pa. 360, and other cases recognizing the same principle.  In Washington Avenue, *supra*, the system of assessing benefits is spoken of as "Simply a new development of that principle of local taxation, before mentioned as undisputed, which assesses on property benefited, or its owner, a tax in proportion to the superadded value of the property caused by the local improvement of which this property has a peculiar advantage beyond that of others not in like circumstances. . . . . . The exercise of this power of assessments for benefits is not by way of eminent domain, in the usual sense of that term, for it is not a taking at all, followed by compensation for the taking, but a special mode of taxation whereby those benefited more, pay more and those benefited less pay less.  It is thus special as contradistinguished from general taxation, and not special as making one man pay all, or more than his just proportion of a common burden. . . . . . Taxation, according to benefits received, is neither unequal nor unjust, and cannot therefore come in conflict with these clauses in the Bill of Rights which regard as sacred the right of private property.  So long therefore as the law faithfully and reasonably provides for a just assessment according to benefits conferred and does not impose unfair and unequal burdens, it cannot be said to exceed the legislative power of taxation when exercised for proper objects."

While it is perhaps true that such assessments are generally against the property specially benefited, and not against the

owner thereof personally, the fact that the legislature has authorized them to be made against the owner, as in this case, cannot affect the constitutionality of the law. The object, in either case, is to provide a mode of collecting the assessment, and that is wholly within the discretion of the legislature; Desty on Taxation 286. Assessment against the property itself is only a method of compelling the owner to pay and thus relieve his property from the charge or lien against it. In some cases *dicta* may be found, and perhaps decisions also, to the effect that assessments for benefits cannot be made or enforced against the owner of the property benefited; but the principle is unsound. As already remarked, the remedy for the collection of such assessments or taxes, as well as every other species of tax, is a matter of legislative discretion.

We therefore hold that plaintiff's claim, established by the finding of the jury, is within the express provisions of the Act of 1858; that the Act is constitutional, and not having been repealed or modified, as to claims for damages occasioned by vacation of streets, is still in force, at least as to such claims.

It follows from what has been said that the assignments of error are all sustained. It is unnecessary to notice them *seriatim.*

> The order of court sustaining exceptions and setting aside report of the jury is reversed; and it is now here ordered that the said report be affirmed with costs to be paid by the exceptants in the court below.