# Franklin, Appellant, *v.* Hancock.

*Road law—Paving assessment—Taxation—Remedy.*

An assessment by a municipality for paving a street is a tax and cannot be collected as an ordinary debt by a common-law action unless such remedy is given by statute.

It is within the legislative power of the commonwealth to grant to municipalities a remedy for collection of taxes against property by a personal action against the owner.

*Constitutional law—Title of statutes—Act of May 18, 1871, P. L. 896.*

The Act of May 18, 1871, P. L. 896, entitled, " A supplement to an act entitled, ' An act to incorporate the city of Franklin in the county of Venango,' approved the fourth day of April, Anno Domini, One thousand eight hundred and sixty-eight," is not unconstitutional, as insufficiently stating its subject in its title.

*Constitutional law—Rebates out of road taxes—Act of May 18, 1871, P. L. 896.*

The provision of the Act of May 18, 1871, P. L. 896, providing that a property owner should be reimbursed for paving assessments by rebates out of road taxes, does not render the act unconstitutional.

*Road law—Foot-front rule—Paving.*

Where property fronting upon a street is urban and uniform in character, and no previous attempt has been made to improve or pave the highway as a street, the foot-front rule may be applied in assessing the properties for paving.

*Road law—Municipality—Paving assessments—Action at law—Act of May* 18, 1871, *P. L.* 896.

Where the legislature grants to a municipality the right to proceed by "an action at law" to recover paving assessments, the municipality may proceed by an action of assumpsit to recover such assessments.

*Road law—Assessment for paving—Personal action against owner.*

Where a paving ordinance of the city of Franklin declares it to be the purpose of the city to cause the expense of the paving to be assessed against the properties fronting on the street and the owner or owners thereof, literally following the language of the Act of May 18, 1871, P. L. 896, and after the improvement is completed the council appoints three viewers "to view the work in conjunction with the city engineer and make final assessments for the cost of the same against all properties liable for such assessment," and thereafter the council accepts and approves the report of viewers, and orders that the amount of assessments be placed in the hands of the collector, the proceedings are regular and a property owner cannot object to be held personally liable, because the resolution appointing the viewers failed to direct the viewers to make any assessment against the owners of abutting property. In such a proceeding the report of the viewers shows a personal assessment against property owners where the schedule of assessment is arranged in four perpendicular columns, in the first of which are the lot numbers, in the second the names of the parties assessed, in the third the frontage of the property upon the improvement, and in the fourth the amount of the assessment.

Argued May 20, 1901. Appeal, No. 130, April T., 1901, by plaintiff, from judgment of C. P. Venango Co., Aug. T., 1900, No. 9, on verdict for plaintiff non obstante veredicto. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover assessments for paving under the Act of May 18, 1871, P. L. 896. Before CRISWELL, P. J.

The jury returned the following verdict :

And now, December 11, 1900, this cause came on to be heard, whereupon called and came W. F. Kelley, R. S. Hazlett, Hugh Gallagher, Peter Berry, John Deegan, Wm. Robertson, Harvey Bell, M. C. Kerr, James Osborne, George B. Nurss, John Pryer and Wm. Cotter, twelve good and lawful men duly elected by ballot, and who being sworn accordingly to law, say, December 12, 1900, they find for the plaintiff for the sum of $546.72, subject to question of law reserved by the court, viz : Whether there is any evidence in the case to sustain such verdict. If the court shall be of the opinion that there is any evidence on

which to rest such verdict, then judgment to be entered thereon; otherwise judgment to be entered for the defendant non obstante veredicto, and so they say all.

The court entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment for defendant.

*Peter M. Speer* and *James Francis Burke*, with them *F. L. Kahle*, city solicitor, for appellant.— The city of Franklin is governed by its special charter: Act of May 23, 1874, P. L. 230 ; Beaumont v. Wilkes-Barre City, 142 Pa. 198.

The Act of May 18, 1871, P. L. 986, is not unconstitutional on account of a defective title : State Line & Juniata R. R. Co.'s Appeal, 77 Pa. 429 ; Beaumont v. Wilkes-Barre, 142 Pa. 198 ; Allegheny County Home's App., 77 Pa. 77 ; In re Pottstown Borough, 117 Pa. 538 ; Philadelphia v. Ridge Ave. Pass. Ry. Co., 142 Pa. 484 ; Com. v. Moore, 2 Pa. Superior Ct. 162 ; Com. v. Jones, 4 Pa. Superior Ct. 362.

The legislature may grant to the city the right to proceed by a personal action to collect local assessments such as this : Oil City v. Oil City Boiler Works, 152 Pa. 348 ; In re Center Street, 115 Pa. 249 ; McMasters v. Com., 3 Watts, 292 ; Washington Ave., 69 Pa. 352 ; Seely v. Pittsburg, 82 Pa. 360.

The assessment made in the case is sufficient upon which to base the present personal action against the owner: Tripp v. Scranton, 2 Penny. 141 ; Meredith v. U. S., 13 Pet. (U. S.) 486.

*J. H. Osmer*, with him *A. R. Osmer, N. F. Osmer, William B. Griffen* and *John L. McBride*, for appellee.—The special act of May 18, 1871, P. L. 896, is unconstitutional: City of McKeesport v. Dunshee, 29 Pitts. L. J. 88 ; In re State Street, 2 Leg. Chron. 1 ; Sanderson on Validity of Statutes in Penna. 21 ; Philadelphia v. Ridge Ave. Pass. Ry. Co., 142 Pa. 484 ; In re Road in the Borough of Phœnixville, 109 Pa. 44 ; Hammett v. Philadelphia, 65 Pa. 146 ; Post v. Brooklyn, 6 Barbour (N. Y.), 209 ; Chambers's App., 159 Pa. 20 ; In re Woodland Ave., 178 Pa. 328; Loeb v. Columbia Twp., 91 Fed. Repr. 37 ; Williamsport v. Lloyd, 23 Pa. C. C. Rep. 609 ; Norwood v. Baker, 172 U. S. 269 ; Reading City v. O'Reilly, 169 Pa. 369.

The statute does not grant the remedy: Salter v. Reed, 15 Pa. 260; Emrick v. Dicken, 92 Pa. 78; Wolf v. Philadelphia, 105 Pa. 25; Philadelphia v Merklee, 159 Pa. 515; Philadelphia v. Bradfield, 159 Pa. 517.

By force of the Act of June 25, 1895, P. L. 275, the special charter of the city of Franklin was abrogated, and it became ipso facto a city of the third class: Fraim v. Lancaster County, 171 Pa. 436.

To enable a municipal corporation to recover from the abutter the expense of a sidewalk or other local improvement, it must comply with all the conditions precedent, whether prescribed by the act of assembly, charter or ordinance : Appeal of Harper, 109 Pa. 9; Dillon on Municipal Corporations (2d ed.), sec. 649; City of Reading v. O'Reilly, 169 Pa. 366; Kepner v. The Commonwealth, 40 Pa. 124; Marshall v. The Commonwealth, use Mayor, etc., Allegheny City, 59 Pa. 455.

*Peter M. Speer* and *James Francis Burke* with them *F. L. Kahle*, city solicitor, for appellants in reply.—Assessments for paving, by the foot-front rule, against urban property, have been repeatedly sustained by the decisions of the Supreme and Superior Courts of this state: Huidekoper v. Meadville, 83 Pa. 156; In re Washington Avenue, 69 Pa. 352; Scranton v. Bush, 160 Pa. 499; Witman v. Reading, 169 Pa. 375; Harrisburg v. McCormack, 129 Pa. 213.

Appellee urges that the act of 1871 is unconstitutional on account of the proviso as to rebates. Even if the proviso were unconstitutional it. would not affect the constitutionality of the act. The proviso might fall and the section of the act stand: Rothermel v. Meyerle, 136 Pa. 250.

The Act of June 25, 1895, P. L. 275, does not change the status of the city of Franklin, or bring it under the provisions of former acts governing such cities: Lackawanna Twp., 160 Pa. 494; Beaumont v. Wilkes-Barre, 142 Pa. 198.

Even when a city has accepted the provisions of the act of 1874 and 1889, and become subject to the provisions of said act, it may still retain special privileges granted to it under special laws: City of Erie v. Griswold, 184 Pa. 435; City of Harrisburg v. Sheck, 104 Pa. 53; In re Egypt Street, 2 Grant, 455; Com. ex rel. McManus v. Ricketts, 196 Pa. 598.

OPINION BY W. D. PORTER, J., October 28, 1901:

The city of Franklin brought an action of assumpsit to recover from the defendant the amount of an assessment for the paving of Elk street and recovered a verdict, subject to the opinion of the court on a question of law reserved. The question was reserved in this form: "If the court should be of the opinion that there is any evidence on which to rest this verdict, then judgment to be entered upon the verdict. Otherwise judgment to be entered for the defendant non obstante veredicto." The form of the reservation was not excepted to, and the substance thereof only has been argued on this appeal. The question for consideration is, has the city a right to recover in this form of action, under the undisputed facts as to the manner in which the assessment in this case was made?

An assessment by a municipality for paving a street is a tax and cannot be collected as an ordinary debt by a common-law action, unless such remedy is given by statute: McKeesport Boro. v. Fidler, 147 Pa. 532. It is well settled by authority that it is within the legislative power of the commonwealth to grant to municipalities a remedy for collection of taxes against property by a personal action against the owner: Weber v. Reinhard, 73 Pa. 370; In re Centre St., 115 Pa. 247; Philadelphia v. Merklee, 159 Pa. 515; Commonwealth v. Mahon, 12 Pa. Superior Ct. 616. The city of Franklin asserts statutory authority, to maintain this action, under the Act of May 18, 1871, P. L. 896, the 1st section of which conferred upon the corporate authorities of the city of Franklin power and authority, "to pave in such manner as they may deem for the best interests of said city, any streets, courts or alleys in said city, and upon the completion of such paving, to assess for contribution against the respective properties fronting or adjacent thereto, whether improved or unimproved, and the owner thereof, the pro rata costs and expenses of said paving in front of each respective lot or property, according to the front width thereof, to the middle of every such street, court or alley; and in all cases of neglect or refusal of the owner of said property to pay said city authorities said pro rata costs and expenses within thirty days after notice, said city authorities may proceed to collect the same, with ten per cent additional, by suit in an action at law, or upon liens filed in the nature of a mechanic's lien."

It is contended upon behalf of the defendant that this act is invalid and comes into conflict with the constitutions of the commonwealth and of the United States in the following particulars, viz : (a) The subject of the act is not expressed in its title ; (b) it provides for the assessment of the entire cost of the improvement by the foot front rule without reference to special benefits, and rests the assessment on an illegal basis, and is void as in contravention of the fourteenth amendment of the Federal constitution prohibiting the taking of property without due process of law ; (c) it furnishes a means of discrimination between the owners of property abutting on the street to be paved, by the method of rebates or exonerations provided for in the part of the act following that above quoted.   The city was incorporated by the Act of April 4, 1868, P. L. 693, entitled, " An act to incorporate the city of Franklin."   Nothing more general and comprehensive could have been devised. It included the entire range of the boundaries, organization, functions and powers of the municipality, so far as they were within the legislative control.   When the Act of May 18, 1871, P. L. 896, was entitled, " A supplement to an act, entitled, ' An act to incorporate the city of Franklin in the county of Venango,' approved the fourth day of April, Anno Domini one thousand eight hundred and sixty-eight," it was, so far as the title was concerned, as broad as the original act.   It comprehended every thing relating to the municipal organization and powers that could be the subject of legislative action : Sugar Notch Boro., 192 Pa. 349.   The act included nothing which was not germane to the corporate functions and powers of the particular city with regard to which the title gave direct notice that the legislation dealt.   We are of the opinion that the title of this act met the requirements of the constitution : Pittsburg v. Daly, 5 Pa. Superior Ct. 528; Mauch Chunk v. McGee, 81 Pa. 433. The validity of the application of the foot front rule as the method of ascertaining the proportion in which property owners should contribute to the cost of this improvement is not complicated by any question as to the character of the property or as to whether this was an original paving of the street.   It is not disputed that the property fronting upon the street was urban and uniform in character, and it is conceded that there had been no previous attempt to improve or pave the highway

as a street.    We sustained an assessment made under the foot front rule for an improvement of this character, under like conditions, in Harrisburg v. McPherran, 14 Pa. Superior Ct. 473, and we cannot profitably add anything to the opinion of President Judge RICE in that case.

The provision of the act with regard to rebates out of road taxes, to those who had paid assessments authorized by the act, required the corporate authorities to exonerate, from year to year, from the payment of all road taxes on such property, until said property holder had thus been reimbursed for the principal moneys so paid by them upon assessments.    In Erie v. Griswold, 5 Pa. Superior Ct. 132, we held that an ordinance of the city, within the limits of authority conferred by the legislature allowing those who had paid assessments of this character an abatement of their general city taxes on the same property, during subsequent years, equivalent to a portion of the assessment for improvements was not in conflict with the provisions of the constitution.    The legislation now under consideration limits the abatement of taxes to be allowed on account of the payment of such assessments to road taxes, but the principle involved is not different.    " When in the exercise of the discretion of the municipal authorities a local improvement has been determined upon and it has also been determined that it would be just to make the city and the abutters bear the expense proportionately, every dollar which one of the latter pays in the first instance beyond his due portion is in relief of the city and goes to the benefit of other taxpayers.    A law which in its practical operation permits him to apply this overpayment in discharge of the general taxes against the same property manifestly tends to produce uniformity and equality of taxation rather than the contrary."    These considerations lead us to the conclusion that the act of 1871 is constitutional.    The city of Franklin never having accepted the provisions of the acts regulating the government of cities, passed in 1874 and 1889, nor of the Act of June 25, 1895, P. L. 275, is not subject to the provisions of these acts, but, as to its municipal powers and the authority of its corporate officers and the mode of exercising the same, is governed by its own charter; and it has the right to avail itself of the provisions of the act of 1871 in assessing and collecting the costs and expenses of paving a

street: Beaumont v. Wilkes-Barre, 142 Pa. 198; Lackawanna Township, Harris's Appeal, 160 Pa. 494.

The appellant contends, however, that even if the legislation is constitutional the grant of the remedy by "an action at law" does not warrant a resort to an action of assumpsit. That an action of assumpsit is but one kind of an action at law, and it by no means follows that, because this general expression is made use of, either one of the several actions of law might be resorted to. This contention is without foundation. It was clearly the legislative intent that the assessments authorized by the act should be against both the property and the owner. The city was authorized to collect the tax by an action at law, against the owner personally, or by a proceeding in rem through the medium of a lien upon the property. The city might use either or both of these remedies concurrently, but when the assessment was actually collected through either instrumentality, the claim in which both remedies had their foundation would be extinguished. When the provisions of this act have been complied with the owner assessed for abutting lands becomes personally liable for the tax, and the remedy for the enforcement of that liability is an action at law. Had the act designated any particular form or character of action all other remedies would have been excluded. When, however, the legislature granted to the city, without restriction, the right to proceed by an action at law to enforce the personal liability of an owner, any form of action appropriate to the enforcement of such personal liability became available. When the law imposes a personal liability and provides that the remedy shall be by an action at law, without limitation to any particular mode of procedure, the form of the action is to be determined by the nature of the liability. "Every person is bound and have virtually agreed to pay such particular sums of money as are charged on him by the sentence, or assessed by the interpretation, of the law. . . . Whatever therefore the laws order one to pay, that becomes instantly a debt, which he hath beforehand contracted to discharge:" 3 Bl. Comm. 160. It is unnecessary to consider what the proper form of this action would formerly have been; there can be no question that the Act of May 25, 1887, P. L. 271, required that it be in assumpsit.

There remains for consideration the regularity of the proceedings which it is contended by the appellant constituted an assessment against the defendant personally. The cases in which a special assessment, for benefits peculiar to property resulting from a public improvement, may be collected in a personal action against the owner are exceptional. The statutes which grant to municipal corporations this extraordinary remedy are in number limited. When a city resorts to a remedy so unusual it must show that every requirement of the statute upon which it relies has been complied with. In the present case there is no dispute as to the facts. The ordinance authorizing the making of the improvement expressly declared it to be the purpose of the city to cause the expense thereof to be assessed against the properties fronting on the street and the owner or owners thereof, literally following the language of the act of assembly which authorized the assessment to be made in that manner. After the improvement was completed the city council formally accepted the same, and by resolution appointed three viewers " to view the work in conjunction with the city engineer and make final assessments for the cost of the same against all properties liable for such assessment." The defendant seeks to escape liability upon the ground that this resolution failed to direct the viewers to make any assessment against the owners of abutting property. The Act of April 4, 1868, P. L. 693, incorporating the city of Franklin, provides : " That the executive and legislative powers of said city shall be vested in a mayor and city council." The power to make this assessment could not thus be delegated by councils to a board of viewers which should have power to finally determine what the assessment should be. The council did have authority to resort to any reasonable means of obtaining information as to the facts and the proportions in which the respective property owners were liable, and for this purpose they might resort to the expedient of appointing a board of viewers who should make report to councils as was done in this case. When the board of viewers had reported and the council had obtained such other information as they desired, the final act of assessment was for that body, when, on January 6, 1899, the council accepted and approved the report of viewers, and ordained that the amount of assessments be placed in the hands

of the collector, for collection, it made the report its own and the assessments thereby made were made by the council. The resolution under which the viewers acted may not have been as broad as it ought te have been, but if the viewers made the assessment in the manner that it was by law required to be made, and that assessment was accepted and approved by the council, such ratification cured any defect in the resolution under which the viewers were appointed: Berger's Appeal, 96 Pa. 447; Shiloh St., McCormick's App., 165 Pa. 386. Does the report of viewers, adopted by the council as its own act, contain an assessment against Jas. D. Hancock personally? The report, after reciting the proceedings before the viewers, and that notice had been given to all parties concerned, finds the total cost of the improvement to be $5,050.28, and assesses said amount upon abutting property. The form of the assessment is as follows, viz: "We make the following assessments for contribution;" then follows a schedule of the assessments. This schedule is arranged in four perpendicular columns; in the first column are the lot numbers; in the next column the names of the parties assessed; in the third column the frontage of the property upon the improvement is given; and in the fourth, or right-hand column, the amount of the assessment. The assessment now in question appears in said schedule in this form:

| Lot. | Name. | Frontage. | Assessment. |
|---|---|---|---|
| 517, 518 | | 82.11 | |
| 520, 521 | J. D. Hancock | 75.055 232.22 | $301.88 |
| | | 75.055 | |

The schedule contains another assessment in like form against the defendant for property fronting upon another part of the improvement, amounting to $195.14. These two assessments with the interest thereon to the date of the verdict, December 12, 1900, aggregated $546.72. There can be no doubt that the lot numbers contained in the first or left-hand column were descriptive of the property assessed. We must not lose sight of the fact that this instrument was intended to be and was a schedule of assessments. The names contained in the second column designated the persons assessed, The frontage given in the third column fixed the proportion of the cost of the

improvement which was to be paid by the property and the person designated. The fourth column gave the amount in money which was chargeable against that property and that person. The manner in which this schedule was arranged enabled any one to determine at a glance what property each person was assessed for, and the amount of the assessment. This defendant was assessed, although it is true that the schedule did not state in terms that he was the owner of the land, but neither did it state that he was a tenant or mere intruder. The jurisdiction of the city to assess the defendant individually was dependent upon the ownership of the land by the latter, but it was not necessary that the fact of such ownership should be specifically set forth in the assessment. At the trial of the cause in the court below it was incumbent upon the city to show that the defendant had been personally assessed, and to establish the jurisdictional fact of the ownership of the land by the defendant as the foundation of the right to make the assessment, before the municipality could become entitled to a judgment against the defendant personally for a special assessment of this nature. We are of opinion that upon the face of the report of viewers which was adopted by the council, the property of the defendant was assessed and that he was also assessed personally. The defendant admitted that he owned the property before and at the time the improvement was made. The city, therefore, had jurisdiction to assess him personally, and having exercised that jurisdiction, it was entitled to recover.

The judgment is reversed and it is now ordered that judgment be entered upon the verdict in favor of the plaintiff and against the defendant.