## Harriott Avenue.

*Road law—Assessments for benefits—Property benefited—Street railway companies—Tracks—Act of May 16, 1891, P. L. 75.*

Under the Act of May 16, 1891, P. L. 75, assessments for benefits can only be levied against real estate abutting upon the improvements. Such assessments cannot be levied against an owner personally, or against a street railway company occupying a street improved, or against the tracks of a street railway laid on the street.

Doubted whether the act of May 16, 1891, authorized any local or special assessment for benefits resulting from the regrading of a street.

Argued May 20, 1903. Appeal, No. 122, April T., 1903, by Oil City, from order of C. P. Venango Co., Nov. T., 1901, No. 2, sustaining exceptions to report of jury of view in the matter of change of grade of Harriott Auenue. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of jury of view.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in sustaining exceptions to report of jury of view.

*Peter M. Speer*, for appellant.—A railroad in a street may be subject to a special tax for street improvement: Keuhner v. Freeport, Ill., 17 L. R. A. 774 ; New Haven v. Fairhaven & W. R. R. Co., 38 Conn. 422; Farmers' Loan & Trust Co. v. Ansonia Borough, 23 Atl. Repr. 705.

In support of the right to assess street railways for street improvement, especially of change of grade or widening of a street, we also cite the following : Parmelee v. Chicago, 60 Ill. 267 ; Chicago City Ry. Co. v. Chicago, 90 Ill. 573; Troy & Lansingburg R. R. Co. v. Kane, 9 Hun, 506, affirmed in 72 N. Y. 614; Birmingham v. Klein, 89 Ala. 461 (7 So. Repr. 386); Burlington, etc., R. R. Co. v. Spearman, 12 Iowa, 112.

*W. J. Breene*, of *Breene & Breene*, for appellee.—The fact that the rails, ties and equipage of a street railway company are property and subject to taxation in certain forms offers no legal reason for taxing them for street improvements, in the absence of clear legislative intention : Bowditch v. New Haven, 40 Conn. 503.

It has been repeatedly decided in this commonwealth that the roadbed of a railroad company being indispensable to the operation of its franchises, is not taxable as real estate and is therefore exempt from local taxation : Erie v. Piece of Land, 175 Pa. 523; Phila. v. P. W. & B. R. R. Co., 33 Pa. 41; Junction R. R. v. Phila., 88 Pa. 424; Allegheny City v. Western Penna. R. R. Co., 138 Pa. 375; City of Erie v. Russell, 148 Pa. 384; Broad Street, 165 Pa. 475; Mazet v. Pittsburg, 137 Pa. 548.

OPINION BY W. D. PORTER, J., April 18, 1904 :

Our inquiry must be confined to the questions presented by the record in this case, and it might have been well had the appellant printed the ordinance under which the work was done and the petition for the appointment of viewers to assess damages and benefits. We gather from the order appointing the viewers and their report, that Harriott avenue had been graded under the provisions of an ordinance approved August

5, 1871, that by an ordinance approved March 15, 1900, a new grade was established in that portion of said avenue between Bissell avenue and Pearl avenue, and the municipality did the work upon the ground necessary to conform to the new grade. The court below, upon the petition of owners of abutting property, appointed viewers to estimate and determine the damages resulting from the change of grade, and assess the properties thereby peculiarly benefited. The viewers duly reported finding damages to the amount of $574, the only finding as to benefits being " and we further find that the said change in grade was beneficial to the Oil City Street Railway Company, now owned or operated by the Citizens Traction Company, and which has its street railway track laid on said street, to the amount of $400, which amount we accordingly assess against said street railroad company and said tracks as benefited, and the remainder of the damages, to wit: $174, we have assessed against the city of Oil City." The report refers to a plan showing the improvement and the properties injured and benefited thereby, but this the appellant has failed to print. It is conceded, however, that the street railway company owned no land abutting upon the street, and that the tracks of the appellee which it was attempted to assess were those laid in the part of the street improved at the new grade. The learned judge of the court below sustained an exception filed by the street railway company, viz: " that on the face of said report there is no warrant to support any such assessment for benefits against it." The city appeals from this order.

The proceedings under which this improvement was made were so conducted by the city that her counsel is now forced to rely solely upon the provisions of the Act of May 16, 1891, P. L. 75, as the supposed statutory warrant for the assessment in question. The imposition of a special assessment for benefits resulting from a local improvement is an exercise of the taxing power, the authority to do so is absolutely dependent upon statute, and the provisions of the statutes which authorize it to be done must be strictly complied with: Franklin v. Hancock, 18 Pa. Superior Ct. 398; Scranton v. Koehler, 200 Pa. 126. Harriot avenue had been once graded and the improvement for which it is now sought to assess the appellee was a regrading. There has been a very clear distinc-

tion drawn between assessments for the original improvement of a street and those for subsequent changes : Hammett v. Philadelphia, 65 Pa. 146 ; Appeal of Orphan Asylum of Pittsburg, 111 Pa. 135 ; Williamsport City v. Beck, 128 Pa. 147. There is certainly grave reason for doubting the intention of the legislature, by the act of 1891, to authorize any local or special assessment for benefits resulting from the regrading of a street. We do not, however, base our decision upon that ground, the assessment in the present case being irregular for other reasons.

The city asserts the right to assess not only the tracks in the street, but also the company which owns them. Whether the assessment of special benefits for the purpose of raising a fund to pay those whose property has been damaged by a public improvement shall be against the property benefited, or the owner thereof, is wholly within the discretion of the legislature, and the assessment must be made in the manner directed by the statute which authorizes it : In re Centre Street, 115 Pa. 247. When it is sought to assess a special tax against an owner personally, for benefits resulting to his property from a local improvement, an express statutory authority for the proceeding must be shown : McKeesport Borough v. Fidler, 147 Pa. 532 ; Philadelphia v. Merklee, 159 Pa. 515 ; Franklin v. Hancock, supra. The Act of May 16, 1891, P. L. 75, authorizes assessments, " upon the properties peculiarly benefited by the improvement," but furnishes no warrant for an assessment against the owner personally. The special assessment against the street railway company, as distinct from the attempt to assess its tracks, was invalid.

There remains to be considered the question whether the assessment against the tracks of the street railway company laid in the part of the street graded was authorized by the statute upon which the appellant relies. The contention of the learned counsel for the appellant is that the act of May 16, 1891, renders liable to assessment any property benefited by the improvement, " that the tracks, rails, etc., of the street railway company as laid down in this street were property, and as such liable to assessment." This broad interpretation of the term "properties peculiarly benefited by the improvement," as embracing all property without regard to its nature and location,

cannot be sustained.   The property liable to assessment under the provisions of this statute is such only as abuts directly upon the line of the improvement : Morewood Avenue, 159 Pa. 20 ;  Fifty-fourth Street, 165 Pa. 8; Park Avenue Sewers, 169 Pa. 433.   The statute in question conferred upon municipal corporations power " upon the petition of the majority of property owners in interest and number abutting upon the line of the proposed improvement, . . . . to grade, pave, curb, macadamize and otherwise improve any public street."   The ownership of abutting property gave the right to petition for the improvement.   The Supreme Court has construed the statute as meaning that abutting property and no other is liable to be assessed for benefits.   The statute gave to the owner of property, within the class liable to assessment, standing to petition for the improvement.   It cannot be seriously contended that it was the intention of the legislature to give a street railway company, having tracks in the street, standing to petition for or object to an improvement, and be counted as having a frontage equal to the length of its tracks, in determining whether a majority in interest of abutting property favored or opposed the improvement.   The statute requires the viewers appointed under its provisions to " make report to the court, showing the damages and benefits allowed and assessed in each case, and file therewith a plan showing the improvement, the property taken, injured or destroyed, and the property benefited thereby."   The property to be assessed for benefits, within the legislative meaning, was such as could be shown by plan.   Mr. Justice GORDON, construing an act in which similar language was used, said, " now, the class of property dealt with by the act of 1871 is real estate : " Appeal of Orphan Asylum of Pittburg, supra.   The provisions of the Act of May 16, 1891, P. L. 75, authorizing special assessments upon property benefited by local improvements, do not indicate an intention to include property to which that system of taxation had not been extended by former statutes ; and do not authorize an assessment upon any property other than real estate.

We are dealing with the question of special, local taxation ; of the right of the municipal authorities to levy a tax upon the property of one person, which it does not impose upon

that of others, for the reason that it has done something by which the property taxed has been specially benefited to the amount of the tax. The limit of the peculiar benefit is the limit of the right to impose the tax. When it can be declared as a matter of law that no such benefit can arise, the burden cannot be lawfully imposed. The limit of the assessment is measured by the increase in the market value of the property, caused by the benefit peculiar to it resulting from the improvement. It is manifest that the change in the grade of a street cannot increase the market value of the mere rails, ties and other material which enter into the construction of a street railway. The track which had before existed is destroyed by the change. The street railway company may reconstruct its track at the new level, using the old or obtaining new material. The only value of the track is as an incident to the enjoyment of the right to transport passengers. The street car company formerly had a right to maintain its track at the old grade, the grade having been changed, it had the right to reconstruct its track at the new level. The only benefit which can result to a street railway company, owning no abutting land, from a change in the grade of a street, must necessarily be from the increased value of its right to maintain any track in the street for the purpose of transporting passengers, its franchise. The fee of the land over which the street is located is in the owners of the abutting land. The right of the public in a city street is an easement upon the land, with the right and power to subject it to urban necessities and conveniences. The operation of a street railway on a city street, when authorized by law, does not impose an additional servitude upon the land, it is a legitimate use of the surface in aid of the public right of passage over the street, the occupation of the street for this purpose is under the authority of the commonwealth and the municipality. The right of the corporation is an element in the right of the public to use the street as a highway: Lockhart v. Craig St. Railway Company, 139 Pa. 419; Rafferty v. Central Traction Company, 147 Pa. 579; McDevitt v. People's Nat. Gas Company, 160 Pa. 367. There is no necessity for discussing the power of the legislature to classify those who are authorized by law to use streets for public purposes, such as street railway, gas, water and electric light companies, and enact that they be sub-

ject to special taxation to pay the damages resulting to private property from an improvement of the street, or that private property shall be liable to assessment to pay the damages sustained by said companies through such an improvement. The Act of May 16, 1891, P. L. 75, did not attempt to authorize the special taxation of those having a peculiar property in the public rights in the highway, not appurtenant to abutting land.

The order of the court below is affirmed.