City of Harrisburg, Appellant *v.* Theodore E. Laukemann, Jr., Appellee.

City of Harrisburg, Appellant *v.* Theodore E. Laukemann, Jr., Appellee.

Argued November 17, 1982, before President Judge CRUMLISH, JR., and Judges MacPHAIL and DOYLE, sitting as a panel of three. Reargued November 15, 1983, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., CRAIG, MacPHAIL, DOYLE and BARRY.

*Michael E. Farr, Fox, Farr & Cunningham,* for appellant.

*Jonathan M. Curst,* with him *Kathleen A. Weeks, Skarlatos & Zonarich,* for appellee.

OPINION BY JUDGE DOYLE, February 1, 1984:

In this action, the City of Harrisburg appeals from two orders of the Court of Common Pleas of Dauphin County, one denying the City's motion for summary judgment, the other granting summary judgment in favor of defendant, Theodore E. Laukemann, Jr.

Laukemann is the owner of a narrow parcel of land running approximately 372.9 feet along 18th Street in

the City of Harrisburg.[1] In November of 1971, the City began construction of curbs and sidewalks and repaved the cartway along 18th Street. Laukemann was assessed $13,922.46 according to the "front-foot" method for his pro rata share of the improvements. The assessment remained unpaid and on October 23, 1972, the City filed a municipal claim and lien for the stated amount. On August 2, 1977, in a separate action, the City also filed a Praecipe for Writ of Summons in Assumpsit against Laukemann on the municipal claim. On September 8, 1977, the City caused a Writ of Scire Facias against the property to be issued. Laukemann filed an Affidavit of Defense to the Writ. Following the filing of briefs and oral argument, the court of common pleas, on July 9, 1980, filed a Memorandum and Order entering judgment in the City's favor for want of a sufficient affidavit of defense. Laukemann took no appeal from the order and the judgment became final.

On July 22, 1980, the City filed a Complaint in Assumpsit against Laukemann seeking an *in personam* judgment on the unpaid municipal claim. The City moved for summary judgment alleging that defenses raised in Laukemann's Answer were barred by the finality of the Scire Facias *in rem* judgment. On February 4, 1981, the court of common pleas denied the City's motion, reasoning, in an opinion by Judge LIP-SITT,[2] that prosecution of the *in rem* action to final judgment constituted a binding election of remedy by the City. An appeal by the City was taken to this Court. On September 4, 1981, the court of common

---

[1] The parcel is a corner lot and is only 28 feet deep as it fronts on Derry Street. It was purchased for the sole purpose of parking construction vehicles.

[2] Judge Lipsett had entered the earlier *in rem* judgment in the City's favor.

pleas, in accordance with its February 4, 1981, opinion, granted Laukemann's motion for summary judgment and directed judgment in his favor. The City appealed this order also to this Court and we consolidated the City's two appeals.

This case presents issues of first impression to this Court. The City has clear statutory authority to proceed in assumpsit for the collection of unpaid municipal claims. Section 4601 of the Third Class City Code[3] provides, in pertinent part:

> In addition to the remedies provided by law for the filing of liens for the collection of municipal claims, all cities may proceed for the recovery and collection of municipal claims by action of assumpsit against the person or persons who were the owner or owners of the property at the time of the completion of improvement. . . . Any such action in assumpsit shall be commenced within six years after the completion of the improvement from which said claim arises.

In addition, our Supreme Court has held that a local government entity could use both the *in rem* Scire Facias and an *in personam* action in assumpsit to recover in a municipal claim. *Franklin v. Hancock,* 204 Pa. 110, 53 A. 644 (1902). In *Franklin,* the Supreme Court upheld a statute which provided, as here, for the collection of assessments for road improvements by an action in assumpsit. The Court noted:

> It was clearly the legislative intent that the assessments authorized by the act should be against both the property and the owner. The city was authorized to collect the tax by an action at law, against the owner personally, or by

[3] Act of June 23, 1931, P.L. 932, *as amended,* 53 P.S. §39601.

a proceeding in rem through the medium of a
lien upon the property. The city might use
either or both of these remedies concurrently,
but when the assessment *was actually collected*
through either instrumentality the claim in
which both remedies had their foundation would
be extinguished.

*Id.* at 115, 53 A. at 646 (emphasis added).

So too here we believe the legislature clearly in-
tended that the City be able to pursue an action *in
rem* and *in personam* concurrently until the claim is
satisfied. The court of common pleas therefore erred
in its holding that the City had made a binding election
of remedies once the Writ of Scire Facias had pro-
ceeded to judgment. The order granting Laukemann's
motion for summary judgment must therefore be re-
versed.

The court of common pleas did not err, however,
in denying the City's motion for summary judgment.
The City urges that Laukemann is barred by the doc-
trine of collateral estoppel from asserting defenses
which were or could have been asserted in the *in rem*
action under the Writ of Scire Facias. We do not
agree; the law of collateral estoppel in Pennsylvania
is otherwise. Collateral estoppel bars only matters in
the previous litigation which were identical, essential
to the first judgment and actually litigated in the first
cause. *Schubach v. Silver,* 461 Pa. 366, 336 A.2d 328
(1975). In *Lebeau v. Lebeau,* 258 Pa. Superior Ct.
519, 393 A.2d 480 (1978), the Superior Court ex-
plained:

An issue is not actually litigated if the defend-
ant might have interposed it as an affirmative
defense, but fails to do so; nor is it actually liti-
gated if it is raised by a material allegation of
a party's pleading but is admitted (explicitly

or by failure to deny) ; nor is it actually litigated if it is the subject of a stipulation between the parties. . . . If the defendant fails to plead or otherwise defend, nothing is put in issue. . . . *Id.* at 527, 393 A.2d at 483 (citation omitted).

In the case at bar, the defenses raised in Laukemann's Affidavit of Defense to the Writ of Scire Facias were two: 1) that the City was without authority under its own ordinances to impose the assessment,[4] and 2) that Laukemann was entitled to a set off for improvements to the roadway he made prior to the City's paving.[5] In defense to the action in assumpsit, Laukemann alleges: 1) that the assessment imposed is greatly in excess of the current market value of the property; 2) that the assessment imposed exceeds the special benefit to the property; 3) that the work done by the City constituted a re-paving, not an original paving, and therefore was not assessible against abutting landowners, and 4) that assessment according to the front-foot method was inappropriate because of the peculiarly narrow shape of the lot. None of these defenses duplicate those raised in the Affidavit of Defense. None are therefore barred by the doctrine of collateral estoppel. *Lebeau.*

Finally, the City argues that even if collateral estoppel does not bar the defenses raised, they are inadequate defenses as a matter of law and summary judgment should have been entered. We disagree. It is a solid legal tenet that an assessment made on a

---

[4] Laukemann argued that the ordinance enacted by the City limited its assessment to improvements of "public highways"; 18th Street, it was urged, was a "street," not a "highway" as distinguished by Section 102 of the Third Class City Code, 53 P.S. §35102.

[5] Laukemann argued that he had placed approximately 5,000 cubic yards of fill near or in the City's right of way without which the City's paving could not have been accomplished.

front-foot basis without regard for the benefit conferred on abutting property is invalid. *Exeter Township Authority v. Eways,* 36 Pa. Commonwealth Ct. 530, 388 A.2d 1131 (1978). Laukemann's defense that the assessment exceeds the benefit to the property and in fact exceeds the total value of the property, if proven, would entitle Laukemann to relief. It was therefore not error to deny the City's motion for summary judgment.

ORDER

Now, February 1, 1984, the order of the Court of Common Pleas of Dauphin County in the above referenced matter, dated February 4, 1981, is hereby affirmed. The order of the Court of Common Pleas of Dauphin County, dated September 4, 1981, is hereby reversed; judgment is vacated and the matter remanded for proceedings not inconsistent with this opinion. Jurisdictioon relinquished.

