Robert L. Balsbaugh and Patrick J. Dostick, Jr., and Lebanon Lodge 42, Fraternal Order of Police v. Nicholas Zeck, Now by Successor Harold Mc-Quate, Paul K. Fetter and Daniel L. Leib, Now by Successor Glenn Wolgemuth, Supervisors of Heidelberg Township, Lebanon County, Pennsylvania. Patrick J. Dostick, Jr., Appellant.

628

Submitted on briefs September 9, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

David A. Kreider, Siegrist, Koller, Brightbill & Long, for appellants.

John D. Enck, Rowe, Enck & Keys, for appellees.

OPINION BY JUDGE ROGERS, November 12, 1985:

Patrick J. Dostick, Jr. has appealed an order of the Court of Common Pleas of Lebanon County dismissing his suit in mandamus against the Supervisors of Heidelberg Township (township).

The issue is that of whether the court of common pleas erred by rejecting Dostick's plea that the township was collaterally estopped from defending against

his action for reinstatement as a patrolman on the police force on the ground that his dismissal from the force was for reasons of economy, by reason of a prior unappealed adjudication by the Pennsylvania Labor Relations Board holding that Dostick was dismissed for exercising his right of self-organization and collective bargaining and that the township's claim that Dostick was dismissed for reasons of economy was a pretext.

In 1980 the Heidelberg Township police force consisted of a chief of police and three patrolmen. In February of 1980 the three patrolmen and their collective bargaining representative, the Lebanon Lodge 42 Fraternal Order of Police (FOP), notified the township that they desired to engage in collective bargaining for a contract for the year 1981. After negotiations, a collective bargaining agreement was executed by the parties in early January, 1981 for the years 1981 and 1982.

The township sent Dostick and another patrolman, Robert L. Balsbaugh, letters dated February 10, 1981, dismissing them from the force as of February 19, 1981 "due to fiscal and monetary policies." On February 12, 1981, Dostick and Balsbaugh filed this mandamus action and by peremptory order dated the same day the court ordered the township to reinstate the two officers with back pay.

The township filed a timely motion to open the peremptory judgment which was overruled on April 30, 1981. On May 19, 1982, on appeal by the township, the Commonwealth Court reversed the lower court's order and remanded the case for further proceedings. *Zeck v. Balsbaugh*, 66 Pa. Commonwealth Ct. 448, 445 A.2d 253 (1982).

Meanwhile, on March 17, 1981 Dostick and Balsbaugh filed a charge of unfair labor practices with

the Pennsylvania Labor Relations Board (PLRB) pursuant to the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, 43 P.S. §§211.1-211.13. On September 22, 1982 the PLRB, after an evidentiary hearing participated in by both parties, concluded that the township committed an unfair labor practice in violation of 43 P.S. §211.6(1)(a) of the Pennsylvania Labor Relations Act which provides that "(1) it shall be an unfair labor practice for an employer—(a) to interfere with, restrain or coerce employees in the exercise of the rights guaranteed in this act." In its discussion of the case, the PLRB wrote that "economic considerations are clearly a valid reason for laying off employees. However, an employer may not, under the cover of this right, interfere with, restrain or coerce its employees in the exercise of their rights of self-organization and collective bargaining." The PLRB issued a cease and desist order which required that the township post the PLRB order in a conspicuous place for ten (10) consecutive days. The township did not appeal.

The mandamus action came on for trial before a judge of the common pleas court without a jury in 1984. Dostick filed a timely motion, which the court allowed, to amend his complaint to include allegations that he was dismissed because of his activity leading to the collective bargaining agreement; that his dismissal was in bad faith and for a cause not sanctioned by the "Police Tenure Act," Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §§811-815; and that the PLRB's final order of September 22, 1982 should effectively bar the township from defending the case on the ground that his dismissal was for any cause other than that found by the PLRB, anti-union animus.

At the trial of the mandamus action, the township offered testimony tending to show that Dostick was

dismissed for economic reasons. Dostick objected to this evidence as barred by the PLRB's adjudication. The trial court rejected Dostick's plea of collateral estoppel; and concluded that Dostick's dismissal was for reasons of economy and therefore valid pursuant to Section 3 of the "Police Tenure Act," 53 P.S. §813, sanctioning reduction in police forces for reasons of economy.

> A plea of collateral estoppel is valid if, (1) the issue decided in the prior adjudication was identical with the one presented in the later action, (2) there was a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Safeguard Mutual Insurance Company v. Williams,* 463 Pa. 567, 574, 575, 345 A.2d 664, 668 (1975).

The trial judge concluded that PLRB's adjudication was a final judgment on the merits and that the township was a party to the PLRB proceedings. We agree. But the court further concluded that the issue in the two proceedings was not identical and that the township did not have a full and fair opportunity to litigate the issue. We disagree.

Not only was the issue in both proceedings that of whether Dostick was dismissed for reasons of economy or on account of his exercise of his right to self-organization and collective bargaining, the evidence in both proceedings was substantially the same, centering on a remark by a supervisor, testified to by a member of the force who was not dismissed, to the effect that had Dostick agreed in collective bargaining to a salary

of $1,000 or $1,200 less than that finally fixed in the contract, he would not have been dismissed.

The common pleas court's conclusion that the township did not have a full and fair opportunity to litigate the issue before the PLRB was based on the fact that Dostick had not in that proceeding asked PLRB for reinstatement. We fail to understand how the fact that Dostick failed to ask for reinstatement inhibited the township's defense in the PLRB proceedings. Surely, that consideration goes only to the remedy not to the substance. The PLRB's adjudication clearly shows that the township's defense was the same in both cases, down to the financial details. Where the issue of two proceedings is the same, the fact that relief is sought in the second different from that sought or obtained in the first will not prevent the bar by collateral estoppel of relitigation of the issue. *See, City of Harrisburg v. Laukemann,* 80 Pa. Commonwealth Ct. 98, 471 A.2d 132 (1984); *Stewart v. Tomis Development Co.,* 315 Pa. Superior Ct. 63, 461 A.2d 636 (1983); *Department of Environmental Resources v. Pennsylvania Power Co.,* 34 Pa. Commonwealth Ct. 546, 384 A.2d 273 (1978).

Order reversed with direction that the appellant Dostick be reinstated from February 19, 1981 with back pay less his earnings from other employment during the period of his unlawful suspension.

### Order

And Now, this 12th day of November, 1985, the order of the Court of Common Pleas of Lebanon County in the above-captioned matter is reversed with direction that the appellant Dostick be reinstated from February 19, 1981 with back pay less his earnings from other employment during the period of his unlawful suspension.

DISSENTING OPINION BY SENIOR JUDGE BARBIERI:

I respectfully dissent.

The majority concludes that the finding by the Pennsylvania Labor Relations Board (PLRB) that the Township violated Section 6(1)(a) of the Pennsylvania Labor Relations Act (PLRA), 43 P.S. §211.6 (1)(a), by interfering with employees in the exercise of the rights guaranteed by the PLRA, collaterally estops the Township from defending against Dostick's petition for reinstatement under the Police Tenure Act on the ground of economic necessity. The majority holds that the Unfair Labor Practice (ULP) charge of interfering with employees exercising their collective bargaining rights is identical with Dostick's claim that he was fired by the Township in retaliation for his collective bargaining activities. With this conclusion, I cannot agree.

The common pleas court found that since Dostick did not file a ULP charge under PLRA §6(1)(c), 43 P.S. §211.6(1)(c), which prohibits employers from discriminating with regard to hiring or tenure on account of collective bargaining activities, the issue of the Township's bad faith in dismissing him from his position on the police force had not been adjudicated before the PLRB. I respectfully submit that the common pleas court correctly determined that only a Section 6(1)(c) ULP charge of discrimination, which would entitle Dostick to reinstatement and back pay, is akin to bad faith sufficient to invalidate his dismissal under the Police Tenure Act, 53 P.S. §813. There is no explanation in the record why Dostick failed to bring a Section 6(1)(c) discrimination charge before the PLRB. Accordingly, I agree with the common pleas court that there is no identity of issues in the PLRB adjudication which found that the Township violated Section 6(1)(a) of the PLRA and the

bad faith alleged by Dostick in his mandamus action seeking to invalidate his discharge under 53 P.S. §813. Therefore, the doctrine of collateral estoppel does not apply and the Township was free to defend against his charge of bad faith by introducing evidence that it dismissed Dostick for economic reasons and not for his collective bargaining activities. Since the common pleas court found that Dostick was indeed dismissed for economic reasons, there was no bad faith so as to invalidate his dismissal and entitle him to back pay and reinstatement under 53 P.S. §813. I would, therefore, affirm the order of the common pleas court.