**Crestani v. Walters**

*Alexander F. Barth,* for plaintiff.
*James N. Bryant,* for defendants.

RUEST, *J.,* January 23, 2009—Before the court are defendants Thomas L. Walters and Tina M. Lyons' motion for summary judgment, filed on October 28, 2008. A hearing on the motion was held on January 8, 2009. Both parties submitted briefs. The court determines defendants' motion for summary judgment is denied.

## BACKGROUND

The matter arises out of a property dispute between plaintiff and defendants regarding a tract of land located in Boggs Township, Centre County, Pennsylvania (the property). Plaintiff seeks to use his property for commercial development, a use for which it is zoned. The property is landlocked by properties owned by defendants. An easement exists across defendants' land, giving plaintiff a 20-foot right of way. Plaintiff seeks to expand the easement to give him a 60-foot right of way.

## PROCEDURAL HISTORY

The parties were involved in previous litigation regarding this same tract of land. Defendants had sought to prevent plaintiff from grading and paving the existing cartway. Upon agreement, President Judge Charles C. Brown Jr. entered an order on July 3, 2003, confirming the original metes and bounds of the easements, and

confirming plaintiff's right to maintain the cartway. The present matter was commenced by the filing of a complaint on June 13, 2008. Defendants filed preliminary objections on July 9, 2008. The court denied defendants' preliminary objections by order dated October 1, 2008, and directed defendants to file an answer to plaintiff's complaint. Defendants filed an answer and new matter and the present motion for summary judgment on October 28, 2008.

## DISCUSSION

In Pennsylvania, motions for summary judgment are governed by the well-established standard set forth below:

"Pennsylvania law provides that summary judgment may be granted only in those cases in which the record clearly shows that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. The moving party has the burden of proving that no genuine issues of material fact exist. In determining whether to grant summary judgment, the trial court must view the record in the light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Thus, summary judgment is proper only when the uncontroversial allegations in the pleadings, depositions, answers to interrogatories, admissions of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. In sum, only when the facts are so clear that reasonable minds cannot differ, may a trial court properly enter

summary judgment." *Barnish v. KWI Building Co.,* 916 A.2d 642, 645 (Pa. Super. 2007).

Defendants raise three grounds for summary judgment: statute of limitations, res judicata, and failure to state a claim upon which relief may be granted.

## I. *Statute of Limitations*

Defendants allege plaintiff's claim is barred by an unspecified statute of limitations. Two possible statutes of limitation apply, either 20 or 21 years. The 20-year statute of limitations controls actions related to documents executed under seal. 42 Pa.C.S. §5529. 42 Pa.C.S. §5529(b)(1) provides, "[n]otwithstanding section 5525(7) (relating to four-year limitations), an action upon an instrument in writing under seal must be commenced within 20 years." The deed transferring the property to plaintiff, which identifies plaintiff's rights in the easements, was executed under seal on September 17, 1999. The statute of limitations on plaintiff's claim will not expire until 2019.

The court determines plaintiff's claim is not barred by any statute of limitations.

## II. *Res Judicata*

Defendants argue that the doctrine of res judicata applies to bar plaintiff's claims. For res judicata to apply, four "identities" between the prior and present litigation must exist: "the identity of the thing sued upon . . . must be the same in both cases; the identity of the parties must be the same; the capacity of the parties to sue or be sued must be the same; and the causes of action in each case

must be the same." *Miller v. Commonwealth Board of Property*, 111 Pa. Commw. 240, 243, 533 A.2d 819, 820 (1987). In the prior action, defendants sought a declaratory judgment "restricting [Mr. Crestani] from doing anything but maintaining the right-of-way in a mud-free, passable condition."

In the case at bar, plaintiff seeks to widen the existing easements so that he can use the property in accordance with its commercial zoning. His complaint sets forth three causes of action that seek to widen the access and utility easements across defendants' properties. Counts I and II seek declaratory relief and Count III sounds in quiet title. None of these actions were asserted by plaintiff in the prior action, and they were not litigated at that time. The prior action merely confirmed the metes and bounds of the existing easements as recorded with the recorder of deeds and did not address a claim to expand the easements.

Plaintiff's right to expand the easements has not yet been litigated, considered, or ruled upon by the court. The court determines the doctrine of res judicata does not bar plaintiff from seeking to expand the easements. Res judicata does, however, bar plaintiff from attempting to relitigate the metes and bounds of the existing easements.

### III. *Demurrer*

Defendants argue that plaintiff is attempting to invoke the use of a quiet title action to compel the grant of an enlarged easement. This argument was previously rejected by the court in denying defendants' preliminary

objections to plaintiff's complaint. In an opinion and order entered October 1, 2008, the court stated:

"Pursuant to Pa.R.C.P. 1061(b), an action to quiet title may be brought 'where an action of ejectment will not lie, to determine any right, lien, title or interest in the land or to determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land.' An action to quiet title is the proper avenue for plaintiff to assert his right to the use and enjoyment of the easements."

An easement is an "interest in land" within the meaning of Pa.R.C.P. 1061(b). See also, *Versailles Township Authority of Allegheny County v. City of McKeesport,* 171 Pa. Super. 377, 382, 90 A.2d 581, 584 (1952). Plaintiff has properly pled a cause of action in quiet title to assert his right to the use and enjoyment of the easements.

Accordingly, the following is entered:

## ORDER

And now, January 23, 2009, upon consideration of defendants' motion for summary judgment, defendants' motion is denied.